IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KAY F. GOW

    Petitioner,

v.                                      Case No. 5:23cv146/MCR/MAL

BARRY WINGFIELD,
WARDEN F.C.I. MARIANNA[1]

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Kay Gow initiated this case by filing a petition for writ of habeas corpus under § 2241. ECF No. 2. This case is before me on Respondent's Motion to Dismiss the Petition for Failure to Exhaust Administrative Remedies and Failure to Establish Subject Matter Jurisdiction and Petitioner's Reply thereto. ECF Nos. 8, 9. For the reasons discussed herein, the undersigned concludes the petition should be dismissed as moot, The petition is also subject to dismissal for failure to exhaust administrative remedies and for seeking relief outside the bounds of § 2241.

---

[1] It is sufficient to generically identify the warden of the facility where Petitioner is currently incarcerated as the respondent in the instant petition. *See Hamric v. Warden, FCI Mendota*, Cases 1:20-00480-CG-N, 1:09-00250-CG-N, 2021 WL 2325333, at *1 n.1 (S.D. Ala. May 6, 2021). However, the Court has been advised that Warden Pistro, who was previously named as respondent has been replaced by Barry Wingfield. Pursuant to Fed.R.Civ.P. 25(d), Warden Wingfield is automatically substituted as a party in this action.

I.  Procedural History

On May 19, 2019 Gow was sentenced in the Middle District of Florida to a total term of 120 months imprisonment after a jury convicted her of conspiracy to commit wire fraud, four counts of wire fraud, conspiracy to commit money laundering, and four counts of illegal monetary transactions. M.D. Fla. Case 2:17cr16-JES, ECF No. 234. Her convictions were affirmed on appeal and the Supreme Court denied her petition for writ of certiorari. M.D. Fla. ECF Nos. 306, 311. Petitioner is currently incarcerated at the Federal Correctional Institution in Marianna, Florida, with a projected release date of December 27, 2026, which reflects the application of First Step Act Credits. ECF No. 8-2 at 2; *see also* https://www.bop.gov/inmateloc/. In August of 2020, the Middle District denied Gow's Motion to Modify Sentence and Release to Home Confinement M.D. Fla. ECF No. 305.

Gow filed a petition for relief under 28 U.S.C. § 2241 with this Court in May of 2023, arguing the Bureau of Prisons is in violation of the separation of powers doctrine by requiring her to meet its requirement that she serve 50 percent of her sentence before it will consider her for transfer to home confinement under the Coronavirus Aid, Relief and Economic Security Act (CARES Act), although it has

disregarded its own rule by transferring to home confinement prisoners who have not met this threshold. ECF No. 2 at 7, 12.

Respondent contends the Court does not have subject matter jurisdiction to consider Gow's claim and she did not exhaust her administrative remedies before filing her petition.

## II. Discussion

Generally speaking, "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). By statute, the BOP "shall designate the place of the prisoner's imprisonment," and may "direct the transfer of a prisoner from one penal or correctional facility to another." 18 U.S.C. § 3621(b). "Notwithstanding any other provision of law," any such "designation" by the BOP "is not reviewable by any court." *Id*.

The BOP also has the authority to place a federal prisoner in prerelease custody, including home confinement. 18 U.S.C. § 3624(c)(2). In response to the COVID-19 pandemic, Congress passed the Coronavirus Aid, Relief and Economic Security Act (CARES Act). Under the CARES Act, the BOP was granted temporary expanded authority to place prisoners in home confinement. CARES Act, Pub. L. No. 116-136, § 120003(b)(2), 134 Stat. 281, 515 (2020) ("During the covered

emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate."). "Neither § 3624(c)(2) nor the CARES Act provides the judiciary any authority to grant an inmate home confinement." *Sills v. FCI Talladega Warden*, No. 22-12656, 2023 WL 1775725, at *2 (11th Cir. Feb. 6, 2023) (citing 18 U.S.C. § 3624(c)(2); CARES Act, § 12003(b)(2)). The BOP's decisions regarding where prisoners are confined generally are not subject to judicial review. *See* 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.").

According to the plain language of the CARES Act, the Director's expanded authority to place prisoners in home confinement expired at the end of the "covered emergency period." *See* Home Confinement Under the Coronavirus Aid, Relief, and Economic Security (CARES) Act, 87 Fed. Reg. 36787-01, 2022 WL 2192080 (June 21, 2022). The term "covered emergency period" refers to the period beginning on the date the President declared a national emergency with respect to COVID-19 and ending 30 days after the date on which the national emergency declaration

terminates. *Id.* The President declared the COVID-19 pandemic to be a national emergency on March 13, 2020. *See* Proclamation No. 9994, 85 Fed. Reg. 15337 (March 13, 2020). On April 10, 2023, the President signed into law the termination of the national emergency relating to the COVID-19 pandemic. *See* National Emergencies Act, Pub. L. No. 118-3, 137 Stat. 6 (2023). Accordingly, the CARES Act's expanded home confinement authority ended 30 days later, on May 11, 2023, shortly after Gow filed her petition under the prison mailbox rule. *See* CARES Act § 12003(a)(2).

Gow asks the Court to determine the BOP has violated the doctrine of separation of powers by promulgating a regulation regarding the administration of the CARES Act. Such an order, she claims, "will require the BOP to consider Petitioner for transfer to home confinement, which will effect (sic) the execution of her sentence and therefore gives this Court jurisdiction of the Petition." ECF No. 2 at 7. Given the expiration of the CARES Act's provisions for expanded home confinement, the Court must consider whether Gow's challenge to the BOP's regulations regarding implementation of the CARES Act continues to present a live case or controversy. Only if it does will the Court consider the issue of jurisdiction, and the Warden's defense of exhaustion.

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" ....' " *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (*quoting Murphy v. Hunt*, 455 U.S. 478 (1982)). If the matter is moot, "the mootness, however it may have come about," would "deprive[ ]" this Court of its "power to act." *Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

Multiple courts that have considered the issue have determined because the covered emergency period has terminated, the BOP does not presently have authority to newly transfer inmates to home confinement under the CARES Act. *See Ahmed v. Otisville*, No. 23-CV-454 (PGG) (RWL), 2023 WL 9113089, *3 (S.D. N.Y Dec. 13, 2023); *Carr v. Warden*, No. SAG-23-966, 2023 WL 8650293, at *2 (Dec. 14, 2023). Therefore, requests for relief in various forms arising under the CARES Act have been found to be moot. *See, e.g., Ahmed*; *Carr*; *Clark v. Jamison*, No. 3:23-cv-455 (MPS), 2023 WL 7300582 (D. Conn. Nov. 6, 2023); *Perry v. Knight*, No. CV-23-1064 (RMB), 2023 WL 7280553 (D.N.J. Nov. 2, 2023); *Cuney v. Spaulding*, No. 1:23-CV-200, 2023 WL 6200803 (M.D. Pa. Sept. 22, 2023).

The end-goal of Gow's request for relief is a Court order that will compel the BOP to consider her for transfer to home confinement. ECF No. 2 at 7. But the BOP no longer has authority to grant relief under that Act. Therefore, no order from

this Court could result in the relief she ultimately seeks because the BOP no longer has authority to grant relief under that Act. *See Cuney*, 2023 WL 6200803, at *2; *Carr*, 2023 WL 8650293, at *3. Gow's eligibility for home confinement is once again governed by 18 U.S.C. § 3624(c)(2), which provides in pertinent part:

> **Home confinement authority.** – The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c)(2). Gow is currently eligible for home confinement on June 27, 2026, six months before her projected release date. ECF No. 8-2 at 2.

Based on the forgoing, the Court finds any claim regarding the application of the CARES Act has been rendered moot by the expiration of the Act, and the petition should be dismissed.

Alternatively, if Gow's petition is not moot, there are additional reasons for dismissing the petition based on the Warden's arguments on failure to exhaust and lack of subject matter jurisdiction. ECF No. 8. Gow's contention that "the administrative remedy process does not apply" because "an executive agency has no authority to determine whether the rules it has promulgated are unconstitutional," ECF No. 2 at 18, is nonsense. Although the courts are the ultimate arbiter of the

constitutionality of laws, the Bureau of Prisons can review and change rules and policies shown to be unconstitutional. With respect to subject matter jurisdiction, Respondent asserts the petition does not directly challenge the fact or duration of Gow's imprisonment, and thus is not a proper matter for a § 2241 petition. ECF No. 8 at 3-4, 10. Indeed, the declaratory relief Gow is seeking, ECF No. 2 at 19, would not change the fact or duration of her imprisonment and is therefore not appropriate to raise in a § 2241 petition. *See Dickey v. Warden, FCI Marianna,* No. 5:22-cv-84-TKW-ZCB, 2022 WL 17969167 (N.D. Fla. Dec. 8, 2022) (declaratory relief unavailable under § 2241 if release or alteration of sentence would not follow*), report and recommendation adopted*, 2022 WL 17968838 (N.D. Fla. Dec. 27, 2022), *aff'd* No. 23-10337, 2023 WL 5014363 (11th Cir. 2023).

Accordingly, it is respectfully RECOMMENDED:

1. The petition under 28 U.S.C. § 2241, ECF No. 2, be **DISMISSED.**

2. The clerk be directed to close the case file.

At Gainesville, Florida on February 1, 2024.

> s/ *Midori A. Lowry*
> Midori A. Lowry
> United States Magistrate Judge

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.